## Fred Lloyd v. The State.

### No. 4577.     Decided February 13, 1918.

**Rape—Evidence—Other Transactions—Acts of Lascivious Familiarity.**

Where, upon trial of rape upon a female under the age of consent, the proof was abundant that the girl was under fifteen years of age; that she was not the wife of said defendant, and that he had had sexual intercourse with her, and there was no denial of these facts or rebutting evidence, testimony of other lascivious conduct and familiarity between the parties was inadmissible, and could have been used by the jury for no other purpose than to inflame their minds against the defendant, and the same was reversible error. Distinguishing Battles v. State, 63 Texas Crim. Rep., 147. Prendergast, Judge, dissenting.

Appeal from the District Court of Tarrant. Tried below before the Hon. F. O. McKinsey, Special Judge.

Appeal from a conviction of rape upon a female under the age of fifteen; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*Graves & Houtchins,* for appellant.—On question of acts of familiarity: McCue v. State, 75 Texas Crim. Rep., 137, 170 S. W. Rep., 280; Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939; Smith v. State, 51 Texas Crim. Rep., 137, 100 S. W. Rep., 924; Kline v. State, 78 Texas Crim. Rep., 609, 184 S. W. Rep., 819; Guajardo v. State, 7 S. W. Rep., 331.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Abernathy v. State, 76 Texas Crim. Rep., 252, 174 S. W. Rep., 339; Haggart v. State, 77 Texas Crim. Rep., 270, 178 S. W. Rep., 328; Hennard v. State, 47 Texas Crim. Rep., 168; Barra v. State, 50 id., 359;

Battles v. State, 63 id., 147; Smith v. State, 64 id., 454; Ulmer v. State, 71 Texas Crim. Rep., 579, 160 S. W. Rep., 1188.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age and was awarded thirty-five years confinement in the penitentiary.

It is unnecessary to make a detailed statement of the facts. The State beyond any question proved that appellant had intercourse with the girl on several occasions at their rooms in a rooming house in the City of Fort Worth. He had induced the parents of the child, who lived in Dallas, to let him have the girl to train her "for the stage," she having a great desire for that avocation. He took her to Fort Worth for the purpose of training her for the stage, especially singing and dancing. After being in Fort Worth a short time he began sleeping with the girl. There was no contest of the State's case, and there was no issue raised as to the facts and circumstances attending the various acts of intercourse. No objection was interposed to the various times and occasions of their intercourse, nor any question raised, or sought to be raised, as to the previous character of the girl for lewdness or anything of that sort; and in fact the evidence rather tends to exclude that she was lewd and unchaste. She seems to have objected a little the first time they had intercourse, but after that seemed to interpose no objection. On the night of appellant's arrest two officers of the humane or some other society went to his room, and through a key hole or hole made in the door observed the conduct of the two in appellant's room. Her room joined his. She was naked except a cloth around her private parts, and his conduct was lascivious and disgusting in the extreme. What the officers saw through this hole and over the transom, as to his conduct towards her and her conduct, was permitted to go to the jury in detail and at length. Various objections were urged to these indecent acts of familiarity as having no bearing upon the case, irrelevant and prejudicial. It is thought not necessary and not best to repeat the account given of this lascivious conduct. It would serve no purpose, and not necessary to perpetuate in the judicial history of the State. It is contended that this was injurious to appellant. There was no question about the intercourse between them. There was no question of her age. It was not denied that he had intercourse with her, and, therefore, these acts of lascivious conduct and familiarity could tend to prove no issue. We are inclined to believe this contention is correct. Had there been a contest over the fact of his having intercourse with her these might have tended to support the State's case. There was, however, no fact it tended to elucidate, and had a serious bearing adversely to defendant. If error is committed and it would tend to bring about a conviction, when but for such error there might be an opportunity for acquittal, such error would be reversible. Another proposition is that, conceding the guilt of an accused, if testimony erro-

Vol. 84 Crim.-8

neously admitted tending to enhance the punishment above the minimum fixed by law, the error would be equally reversible. Just what effect the introduction of this testimony had upon the jury would be difficult to tell, but it is a fact that appellant received thirty-five years in the penitentiary when he might have received less had this testimony been excluded, five years being the minimum punishment. This illegal testimony may have assisted and doubtless did aid in bringing about this heavy punishment. But in any event, we think it was error to admit it, and having been awarded this high punishment, we are of opinion that the error is of such a nature that this judgment ought to be reversed, and it is accordingly so ordered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, Judge, dissenting.

MORROW, Judge (concurring).—At the time the evidence, which in the court's qualification of the bill of exception is described as "disgusting familiarity," was admitted, the proof was abundant that the girl was under fifteen years of age; that she was not the wife of appellant, and that he had had sexual intercourse with her. There was no denial of these facts, and certainly no rebutting evidence of facts detailed in the evidence of the State or the cross-examination or suggested therein which raised a doubt or controversy as to the fact of the intercourse.

It was held in Battles' case, 63 Texas Crim. Rep., 147, that in cases of this character acts of familiarity are admissible not only prior but subsequent to the commission of the offense. The reason for receiving them, as there given, as we understand the decision, is that they bear upon the probability that the act involved in the transaction was in fact done. In the Battles case and the cases therein discussed there was a denial of the fact of intercourse. It was a controverted issue. At the time of the decision of the Battles case it had not been previously decided that such testimony was receivable under an indictment for rape, but by analogy with cases of incest and adultery in which such testimony had been held admissible, the doctrine was extended to cases of statutory rape, with the qualification, however, that it was to be received only as tending to solve a controverted issue.

In this case it was not admitted upon a controverted issue. The only issue upon which it could have borne was that of sexual intercourse, which was abundantly proved and not controverted. It could have been used by the jury for no purpose other than to inflame their minds against appellant. Viewed in the light of the verdict it is probable that it did so.

[Reached Reporter October, 1918.]